J-A29042-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN CURRY | : | |
| | : | |
| Appellant | : | No. 1 MDA 2020 |

Appeal from the Judgment of Sentence Entered November 27, 2019
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
201912528

BEFORE: DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED FEBRUARY 19, 2021**

Appellant, Kevin Curry,[1] appeals from the aggregate judgment of sentence of 12 months of confinement imposed following his conviction of two counts of indirect criminal contempt for violating an order entered pursuant to the Protection From Abuse ("PFA") Act.[2] With this appeal, appellate counsel has filed a petition to withdraw and an **_Anders_**[3] brief, stating that the appeal

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The caption in this case initially identified Appellant by his initials, K.C. However, as the caption in the lower court used Appellant's full name, Appellant is not a minor, and there is no concern that the use of his full name will identify a minor victim, we have amended the caption to reflect Appellant's full name.

[2] **_See generally_** 23 Pa.C.S. §§ 6101-6122. The contempt offense is set forth at 23 Pa.C.S. § 6114(a).

[3] **_Anders v. California_**, 386 U.S. 738 (1967).

is wholly frivolous. After careful review, we affirm and grant counsel's petition to withdraw.

On October 10, 2019, the victim filed a PFA Act petition against Appellant, and on that same date a temporary PFA order was issued that, *inter alia*, required Appellant to vacate the victim's home. Appellant was arrested and charged with violating the temporary PFA order on October 10, 2019, the same date that the order was issued, based on his return to the victim's home after being evicted. Appellant was unable to post bail and remained in detention.

At a hearing on November 14, 2019, Appellant, who was represented by counsel, pleaded guilty to the contempt violation and he was sentenced to time served of 36 days. A final PFA order was entered by agreement on that date providing, *inter alia*, for no contact between Appellant and the victim, including by telephone, social media, or texting. The final PFA order also provided that Appellant was evicted from the victim's home and that he could only return to pick up personal effects from the victim's home if he was accompanied by law enforcement personnel.

Later in the day on November 14, 2019, the victim reported to police that she had received several telephone calls from Appellant's telephone number, including one in which she heard Appellant state that he would break the window of her home if she did not let him in to retrieve his property. Appellant was taken into custody on that date and charged with contempt for

violating the PFA order. After posting bail of $500, Appellant was released pending further proceedings on the second contempt violation.

On November 19, 2019, the victim reported to police that Appellant was in the back yard of her house. When police arrived, they discovered Appellant in front of her property, and Appellant stated that he wanted to retrieve property from the victim. Appellant was detained without bail and charged with his third contempt offense.

A hearing was held on the second and third contempt offenses on November 27, 2019. Regarding the second violation on November 14, 2019, Officer Gregory Perez of the Wilkes-Barre City Police Department testified that Appellant admitted he called the victim because he wanted to retrieve his belongings. N.T., 11/27/19, at 9. Appellant testified that he "may have pocket dialed" the victim, but once he realized she had picked up they had a conversation regarding various topics including retrieving his belongings. *Id.* at 10-12.

Regarding the third violation on November 19, 2019, the victim testified that Appellant called her at 8:00 am asking to retrieve his things and that he then appeared in her back yard. *Id.* at 14. The victim stated that Appellant also contacted her on that date on various forms of social media and through text messages. *Id.* at 15. Officer Daniel Duffy testified that he intercepted Appellant in front of the victim's property and that he explained that he was there to retrieve his belongings. *Id.* at 16-17. Appellant admitted that he had contact with the victim on the date of the violation, but he stated that he

was just walking on the sidewalk in front of the victim's property on the way somewhere else when the police intercepted him. *Id.* at 20-21.

At the conclusion of the hearing, the trial court found Appellant guilty of two counts of indirect criminal contempt and sentenced him to consecutive sentences of six months' confinement on each count for an aggregate sentence of twelve months, with credit for time served. Appellant did not object to the sentence at the hearing. Furthermore, Appellant did not file a post-sentence motion. On December 27, 2019, Appellant filed a counseled notice of appeal. Appellant's current appellate counsel, Matthew P. Kelly, Esquire, was thereafter appointed to represent him.[4]

Before this Court can consider the merits of this appeal, we must first determine whether Attorney Kelly has satisfied the requirements for withdrawal. *Commonwealth v. Yorgey*, 188 A.3d 1190, 1195 (Pa. Super. 2018) (*en banc*). To withdraw, counsel must (1) petition the court for leave to withdraw stating that he has made a conscientious examination of the record and has determined that the appeal would be frivolous; (2) provide a copy of the *Anders* brief to the appellant; and (3) advise the appellant of his right to retain new counsel or proceed *pro se* and to raise any additional points that he deems worthy of the court's attention. *Id.* at 1195-96.

In the *Anders* brief, counsel must:

---

[4] Appellant filed his statement of errors complained of on appeal on January 24, 2020. The trial court entered its opinion on June 22, 2020.

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). If counsel has satisfied the above requirements, it is then this Court's duty to conduct our own review of proceedings before the trial court and render an independent judgment as to whether the appeal is wholly frivolous. *Yorgey*, 188 A.3d at 1196.

In this case, Attorney Kelly filed a petition to withdraw, wherein he asserts that he has made a conscientious review of the record and determined that Appellant's appeal from the trial court's November 27, 2019 judgment of sentence is frivolous. Counsel also submitted to this Court a copy of an September 3, 2020 letter in which he provided Appellant with a copy of his petition and *Anders* brief and advised him of him right either to retain new counsel or proceed *pro se* on appeal and raise any points he deems worthy of this Court's attention.[5] Appellant did not file a *pro se* response nor did substitute counsel enter an appearance on his behalf in this Court.

---

[5] Attorney Kelly did not initially file a copy of his letter to Appellant advising him of his right to retain new counsel or proceed *pro se*, but he subsequently submitted a copy of this letter to this Court in response to our September 15, 2020 order.

In the **Anders** brief, Attorney Kelly summarized the procedural and factual background of this case, explained with citations to relevant authority that the discretionary sentencing issue Appellant sought to raise was frivolous, and stated that his review of the record revealed no other non-frivolous appellate issues. We therefore conclude that counsel has complied with the requirements of **Anders** and **Santiago** and proceed to a review of the merits of this appeal.

Having determined that Attorney Kelly complied with the procedural requirements for withdrawal, we must first review the issue raised by counsel in the **Anders** brief to determine whether it is in fact frivolous. **Yorgey**, 188 A.3d at 1197. If we find that all of those issues are frivolous, this Court conducts an examination of the record to discern if there are any other issues of arguable merit overlooked by counsel. **Id.** at 1196-97.

In this appeal, counsel focuses his analysis on the issue which Appellant sought to argue on appeal, namely whether the trial court abused its discretion in sentencing Appellant to consecutive 6-month sentences of confinement for the indirect criminal contempt violations, resulting in a 12-month aggregate sentence. As counsel recognizes, this issue is a challenge to the discretionary aspect of sentencing and therefore not appealable as of right. **Commonwealth v. Radecki**, 180 A.3d 441, 467 (Pa. Super. 2018). A challenge to the discretionary aspect of sentencing is not appealable as of right. **Commonwealth v. Akhmedov**, 216 A.3d 307, 328 (Pa. Super. 2019) (*en banc*).

Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code[.]

*Id.* (citation omitted). A substantial question is present where the appellant advances an argument that the sentence was inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. *Id.*

Here, Appellant complied with the first and third requirements to invoke our jurisdiction by filing a timely notice of appeal and including a Pa.R.A.P. 2119(f) statement in his appellate brief. However, as appellate counsel observes in his *Anders* brief, Appellant did not preserve a discretionary sentencing challenge by either objecting at the November 27, 2019 hearing or in a motion to modify the sentence. "To properly preserve an issue challenging the discretionary aspects of sentencing, a defendant must object and request a remedy at sentencing, or raise the challenge in a post-sentence motion." *Commonwealth v. Clary*, 226 A.3d 571, 579 (Pa. Super. 2020). Failure to preserve a discretionary sentencing issue before the trial court results in waiver. *Commonwealth v. Smith*, 206 A.3d 551, 567 (Pa. Super. 2019). An appellant cannot cure this waiver by including the challenge to the

discretionary aspects of sentencing in his Pa.R.A.P. 1925(b) statement. *Commonwealth v. Padilla-Vargas*, 204 A.3d 971, 976 (Pa. Super. 2019).

In cases where appellate counsel petitions for withdrawal and files an *Anders* brief, this Court has excused procedural errors in the presentation of a discretionary sentencing issue as a result of our obligation to independently review the record and determine whether any non-frivolous issue is present. *See Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa. Super. 2009) (addressing discretionary sentencing claim despite appellate counsel's deficient Pa.R.A.P. 2119(f) statement in *Anders* brief); *Commonwealth v. Hernandez*, 783 A.2d 784, 786-87 (Pa. Super. 2001) (reviewing discretionary sentencing issue despite counsel's failure to file a court-ordered Pa.R.A.P. 1925(b) statement where appellate counsel had filed a petition to withdraw and *Anders* required independent review of the record). However, this Court has held that the failure to preserve a discretionary sentencing claim with the trial court prior to appeal must result in waiver even when appellate counsel petitions for withdrawal. *See Commonwelth v. Cartrette*, 83 A.3d 1030, 1042-43 (Pa. Super. 2013) (*en banc*); *Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008); *see also Commonwealth v. Cox*, 231 A.3d 1011, 1016 (Pa. Super. 2020) (stating that the *Hernandez* and *Lilley* decisions do not permit "this Court to address issues that were not properly preserved in the trial court" and "the mere filing of an *Anders* brief and petition to withdraw will not serve to resuscitate claims that were already waived upon the filing of the notice of appeal"). Accordingly, the claim that

Appellant's sentence was excessive based on the imposition of consecutive sentences is waived.

Based on the foregoing, we agree with appellate counsel that the issue Appellant sought to raise on appeal was frivolous. In addition, we have reviewed the certified record and have discovered no additional non-frivolous issues.[6] Therefore, we grant appellate counsel's petition to withdraw and affirm the trial court's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

*Joseph D. Seletyn, Esq.*
Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/19/2021

---

[6] We observe that upon conviction for indirect criminal contempt under the PFA Act, the sentencing court may impose a penalty of up to six months' imprisonment for each offense. 23 Pa.C.S. § 6114(b)(1)(i)(A). Therefore, Appellant's aggregate sentence did not exceed the statutory maximum.